UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>             Plaintiff,<br><br>      vs.<br><br>DR. RAHIMIFAR, et al.,<br><br>             Defendants. | 1:18-cv-01338-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 18.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Alonzo Joseph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On August 28, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 15.) On September 27, 2019, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 18.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Majid Rahimifar (M.D.), Leo P. Langlois (M.D.), Dr. Schaffer (M.D.), D. Anderson (M.D.), and Dr. Enenmoh (M.D.) (collectively, "Defendants").

Plaintiff's allegations follow:

On November 13, 2003, at California State Prison-Sacramento (CSP-SAC), the lab technician collected labs on Plaintiff. On November 13, 2003, the labs were received. On

November 14, 2003, the labs were reported and reprinted. On November 14, 2003, Plaintiff received a notification of diagnostic test results informing him of his test results, stating that he was being scheduled for a follow up chronic care appointment and would receive a ducat with his appointment date and time.

On May 26, 2006, Plaintiff arrived at SATF. On June 27, 2006, Plaintiff met with Dr. Bhatt who reviewed CSP-SAC's labs. That's why he ordered a "Hep panel," to make sure he was on top of Plaintiff's labs. Before Dr. Bhatt could get the "Hep panel" going, he disappeared and all of the Defendants started showing up, one-by-one, and none of them ever informed Plaintiff about having a "high level" range for "Hep C", or if he had Hep-C at that time. (Amended Comp., ECF No. 18 at 5:16-21.)

All of the Defendants were aware of CSP-SAC's labs, just like Dr. Bhatt, but they did nothing. On September 5, 2009, Plaintiff requested all of his lab results from May 1, 2006 to August 1, 2009, as well as the Defendants' notes and orders. The medical records office brought some records but told Plaintiff they couldn't find any lab results from May 1, 2006 through August 1, 2009.

There is some kind of cover-up going by the records office or CDCR because it's a policy and procedure to conduct labs, especially if the patient is taking medications and you need to review the sending institution's notes and orders.

Defendants failed to provide adequate treatment to Plaintiff's serious medical needs, and Plaintiff's Hep-C turned into severe cirrhosis of the liver. Prior to each Defendant seeing Plaintiff, they had a medical obligation to review Plaintiff's medical charts, to understand what is going on with the patient, and to see if the patient has any life-threatening illnesses or diseases. But none of the Defendants did anything, unless they did but didn't want Plaintiff to know, but they still could have treated him.

Defendants were aware of CSP-SAC's labs, but they ignored the labs and allowed Plaintiff to suffer pain instead of treating him. Defendants allowed Plaintiff to be transferred to many prisons without addressing his serious medical issues, and leaving the responsibilities for the next institution.

Plaintiff requests monetary damages, $25,000 from each Defendant, for Plaintiff's lifetime of medical conditions.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479

F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Personal Participation by Each Defendant

Under § 1983, Plaintiff must demonstrate that *each* defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must demonstrate how *each* defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676-77.

In the First Amended Complaint, Plaintiff fails to allege facts showing how any of the individual named Defendants personally acted against him.  Plaintiff fails to attribute any personal act to any individual Defendant.  Plaintiff refers to "Defendants" throughout the Complaint and alleges that "Defendants" collectively delayed or denied Plaintiff's medical care.  Plaintiff cannot state a claim against any of the Defendants unless he demonstrates in his allegations that *each* individual, identified by name, personally acted or failed to act, violating Plaintiff's rights.  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Therefore, Plaintiff fails to state a claim against any of the Defendants in the First Amended Complaint.

### B.   Medical Claim -- Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050,

1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he suffered from Hepatitis C that turned into cirrhosis of the liver.  This allegation is sufficient to establish that Plaintiff had serious medical needs.  However,

Plaintiff has not alleged facts from which the court can infer that any of the four doctors at SATF were aware of Plaintiff's serious medical needs.

Plaintiff alleges that he arrived at SATF on May 26, 2006 and met with Dr. Bhatt [not a defendant] who reviewed CSP-SAC's labs, ordered a "Hep panel," and then "disappeared." (Amended Comp., ECF No. 18 at 5:16-17.)   Plaintiff alleges that all of the Defendants knew about the CSP-SAC labs but did nothing to inform Plaintiff about the results, or to notify him that he had Hep-C.  He was told by the medical office that they couldn't find any lab results from May 1, 2006 through August 1, 2009.

Plaintiff's alleges no *facts* showing that any of the named Defendants knew he had a serious medical issue, or that any individual Defendant violated Plaintiff's right to medical care. Plaintiff's conclusionary statement that all of the Defendants knew about his labs offers no facts explaining how they knew, or what they told Plaintiff.  There are no facts showing that any of the Defendants personally acted in any way to violate Plaintiff's rights.

Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants in the First Amended Complaint.

### C. Cover-up

To the extent that Plaintiff seeks to raise a cover-up claim against any of the Defendants, the CDCR, or the medical records office, it is premature.  Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up.  Dell v. Espinoza, No. 116CV1769MJSPC, 2017 WL 531893, at *6–7 (E.D. Cal. Feb. 7, 2017) (citing see Karim-Panahi, 839 F.2d at 625 (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993).

A cover-up claim is premature when, as here, Plaintiff's action seeking redress for the underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was

pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")  Therefore, any claim by Plaintiff that the Defendants, the CDCR, or the medical records participated in a cover-up fails.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claim against any of the Defendants in the First Amended Complaint.  Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983.  Plaintiff was advised in the court's previous screening order:

> "To state a medical claim, Plaintiff must further explain what happened, such as his medical appointments with each of the Defendants, who gave him the notification, what test results he was given, and what happened at his follow-up appointment.  Plaintiff must show what each defendant, *by name*, did personally against him, or failed to do, violating Plaintiff's right to medical care.  .Plaintiff must show what each defendant knew about Plaintiff's medical condition and understood that Plaintiff faced a substantial risk of serious harm to his health without treatment.  Plaintiff must also show that each defendant ignored the risk and acted unreasonably, causing Plaintiff harm.  Plaintiff has not alleged sufficient facts in the Complaint."

(ECF No. 15 at 6:20-27.)  Plaintiff did not follow the court's advice and therefore fails to state a medical claim in the First Amended Complaint.

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130

(9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2020**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE