UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>MAJID RAHIMIFAR, et al.,<br><br>Defendants. | No. 1:18-cv-01338 NO DJ GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO ELIMINATE FILING AND REGULAR FEES<br><br>(ECF No. 27) |

On December 13, 2023, Plaintiff's instant motion to relieve him of his obligation to pay his court filing fees and regular fees was docketed.[1] See ECF No. 27. In support of his request, Plaintiff cites to Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016), and Jack v. Pearson, No. 1:17-cv-0520 AWI SAB. Id. at 1. He further states that he is indigent; that because of the fees he owes, his ability to continue to litigate his other open cases has been "chilled," and that the recipient of the fees he is paying "is not hurting for money." Id. at 1-2. For the reasons stated below, Plaintiff's motion will be denied.

The fees Plaintiff has been ordered to pay are mandated by federal statute. The payment of filing fees is required in order to commence an action. See 28 U.S.C. §§ 1914(a), 1915(a)(1)-

---

[1] Plaintiff also requests that the fees in two other cases he has in federal court also be removed. See ECF No. 27 at 2. The Court has no authority to address fees that have been assessed in those matters.

1

(2). Plaintiff began the instant matter in this Court, and it was adjudicated. The order directing fee payment cannot be undone, irrespective of Plaintiff's current financial status.

Furthermore, the cases to which Plaintiff has cited in support of the instant motion are neither helpful nor on point. See Draper, 836 F.3d at 1087-80 (addressing propriety of award of court costs after trial); see also Jack No. 1:17-cv-0520 AWI SAB, 2020 WL 5257605, at *1-2 (E.D. Cal. Sept. 3, 2020) (addressing propriety of award costs after grant of motion for summary judgment). Specifically, the filing fee that Plaintiff was required to pay to commence this action does not constitute a "cost" within the meaning of Federal Rule of Civil Procedure 54, the rule to which Plaintiff indirectly refers when he cites to Draper and Jack.

Finally, and of utmost importance, this civil rights action was closed on May 22, 2022. See ECF Nos. 25, 26. Consequently, any motions related to fees assessed in this matter should have been filed before then. For these reasons, Plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to relieve him of all court filing fees and regular fees (ECF No. 27) is DENIED.

**Plaintiff is advised that any documents filed in this case hereafter will be disregarded. No orders from this Court will issue in response to future filings.**

IT IS SO ORDERED.

Dated: __December 18, 2023__                  __/s/ Gary S. Austin__
                                              UNITED STATES MAGISTRATE JUDGE

2